949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony JONES, Plaintiff-Appellant,
v.
Dr. Mary FLANNIGAN and Dr. Vallabehiem, Defendants-Appellees.
 No. 89-3538.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Dec. 11, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Anthony Jones initiated this suit under 42 U.S.C. § 1983 claiming that his rights under the Sixth, Eighth and Fourteenth Amendments were violated by the defendants. Specifically, he alleged that the defendants, doctors at the Menard Psychiatric Center, refused to treat his transsexualism and forcibly administered psychotropic drugs against his will in violation of the Eighth and Fourteenth Amendments.[1] The district court granted summary judgment to the defendants, and this appeal follows.
 
 A. FAILURE TO PROVIDE MEDICAL TREATMENT
 
 2
 Jones alleges that he is a known transsexual and that the defendants have refused to treat him for this disease in violation of the Eighth Amendment. Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97 (1976). The district court correctly recognized that transsexualism, or gender dysphoria, is a serious medical need for Eighth Amendment purposes. See Meriwether v. Faulkner, 821 F.2d 408, 411 (7th Cir.1984). Medical authority provides that a "diagnosis of transsexualism is appropriate only if the discomfort has been continuous for at least two years, and is not due to another mental disorder, such as schizophrenia...." Id. at 412 (quoting Ulane v. Eastern Airlines, Inc., 742 F.2d 1081, 1083 n. 3 (7th Cir.1984)).
 
 
 3
 The district court noted that Jones failed to notify intake authorities at the prison of his alleged transsexualism when asked specifically if he had any gender or sexuality problems. In addition, Jones has not provided any medical documentation supporting his allegation that he is a transsexual. Finally, Jones requested treatment for his asserted transsexualism only after he was diagnosed as having acute schizophrenia. The medical records submitted to the court state that Jones' belief that he is transsexual is a delusion resulting from his other diagnosed mental disorders. This is a case where the appellant disagrees with his doctors' diagnosis which is not actionable under the Eighth Amendment.
 
 
 4
 Even were we to agree with Jones that the record establishes that he suffers from gender dysphoria, he would still be unable to prevail on this claim. In Meriwether, this court explained that although a transsexual inmate is entitled to some type of treatment, the inmate "does not have a right to any particular type of treatment." Meriwether, 821 F.2d at 413. The record demonstrates that Jones was receiving continuous psychological treatment, and this is enough to satisfy the Eighth Amendment.
 
 
 5
 II. FORCED ADMINISTRATION OF PSYCHOTROPIC MEDICATION
 
 
 6
 The defendants concede that they prescribed psychotropic medication which was forcibly administered after Jones refused to take the medication voluntarily. In analyzing this claim, the district court found that Jones raised both Eighth and Fourteenth Amendment challenges to the forcible administration of the medication. The district court determined that nothing in the record demonstrated that the physicians' decisions were deliberately indifferent. Therefore, the defendants' actions did not constitute cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 7
 The district court also determined the defendants' actions did not violate Jones' right to due process guaranteed by the Fourteenth Amendment, relying on our decision in Chambers v. Ingram, 858 F.2d 351 (7th Cir.1988). In Chambers, this court recognized "a liberty interest to refuse treatment with psychotropic drugs." Id. at 359. However, in Chambers, we held that an "emergency exception" exists "when the patient is an immediate threat to his own life or the safety of others." Id. The district court held that, in Jones' situation, an emergency existed which justified the forced administration of the drugs.
 
 
 8
 After the district court entered judgment in this case, the United States Supreme Court decided Washington v. Harper, 110 S.Ct. 1028 (1990). In Harper, the Supreme Court reviewed a Washington state prison policy regulating the forcible administration of psychotropic medication to determine whether the policy comported with both substantive and procedural due process. The policy provided that an inmate may only be forcibly medicated if he: "(1) suffers from a 'mental disorder' and (2) is 'gravely disabled' or poses a 'likelihood of serious harm' to himself, others, or their property." Id. at 1033. The policy further provides that the inmate be given notice of the tentative conclusion to forcibly administer the drugs, and that he be apprised of the factual basis upon which the diagnosis was made. The inmate is then given 24 hours notice, during which he may not be medicated, to convene a hearing before a special committee who must, by majority, agree that forced medication is necessary. This committee must consist of a psychiatrist, a psychologist, and the associate superintendent of the institution, none of whom may be involved with the inmate's treatment or diagnosis. The inmate is allowed to attend the hearing and present evidence and witnesses on his behalf. The inmate also has the right to an immediate administrative appeal of an adverse ruling by the committee. The Supreme Court found that this policy adequately protected an inmate's substantive and procedural rights under the Fourteenth Amendment.
 
 
 9
 The Harper decision mandates that substantive and procedural protections be in place before psychotropic medication is forcibly administered to a prisoner. The record before us does not adequately reflect what, if any, procedures were available to or utilized by Jones once the decision to forcibly administer antipsychotic medication was made. We recognize that the district court did not have the benefit of the Harper opinion when it ruled on this case. However, because the Harper decision may affect the validity of this court's decision in Chambers, we must remand this cause for further proceedings.[2]
 
 
 10
 III. QUALIFIED IMMUNITY AND THE ELEVENTH AMENDMENT
 
 
 11
 The defendants claim, in the alternative, that the district court's dismissal of the suit should be upheld because the individual defendants are shielded from liability on the basis of qualified immunity. The defendants also argue that if the suit is construed as an action against the state, it is barred by the Eleventh Amendment.[3] The defendants contend that they raised qualified immunity as an affirmative defense in their answer to the complaint which stated: "The defendants acted at all times in good faith and in conformance with the law." Although we question whether this language triggers the qualified immunity defense, Maul v. Constan, 928 F.2d 784, 785-86 (7th Cir.1991), we need not decide this question. The record before us is not sufficiently developed to allow us to rule on either the qualified immunity or Eleventh Amendment claim.
 
 
 12
 The decision of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings in light of the Supreme Court's decision in Harper.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Jones also alleged that the defendants forced the administration of the psychotropic medication in retaliation for his decision to stop talking which, he claims, violated his Sixth Amendment right to remain silent. As this Sixth Amendment claim is patently frivolous, we need not discuss it
 
 
 [2]
 Although Jones managed to raise the issues in this case, his pleadings in the district court, as well as his brief before this court, are woefully inadequate. The issues to be addressed on remand are complex, and we question the ability of the plaintiff to adequately present his case. Therefore, we invite the judge to reconsider his order denying Jones' request for counsel
 
 
 [3]
 The defendants correctly contend that they are permitted to raise the Eleventh Amendment defense for the first time on appeal. See Edelman v. Jordan, 415 U.S. 651, 677-78 (1974); Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1035 (7th Cir.1987)